IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-MC-31

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EDWARD L. BRAXTON AND | ) | |
| WANDA F. BRAXTON, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| | ) | |
| W.S. BADCOCK CORPORATION, | ) | |
| | ) | |
| Movant, | ) | ORDER |
| | ) | |
| | ) | |
| STEPHEN L. BEAMAN | ) | |
| | ) | |
| Trustee. | ) | |

This matter comes before the court on emergency motion by W.S. Badcock Corporation ("Badcock"), to stay enforcement of six orders of the bankruptcy court, entered August 8, 2014, in Case No. 09-08876-8-RDD, allowing the trustee to examine on August 27, 2014, and August 28, 2014, Badcock and five individuals believed to be managers/owners of Badcock furniture stores in this district, in accordance with Federal Rule of Bankruptcy Procedure 2004 (the "Rule 2004 examination orders"). By order entered August 26, 2014, this court temporarily stayed enforcement of the Rule 2004 examination orders for a period of fourteen (14) days to allow for decision on the motion. The trustee has responded in opposition to the motion. In this posture the matter is ripe for ruling. For the reasons stated below, the court denies the emergency motion to stay.

1

## BACKGROUND

On October 12, 2009, debtors filed a joint voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina (the "bankruptcy court"). The petition specified that debtor Edward L. Braxton formerly was doing business as "Babcock [sic] Furniture" and "Levy Management Group." Debtor Edward L. Braxton died in March 2010, and thereafter the case was converted to a Chapter 7 proceeding with the trustee appointed to preserve, recover, and investigate assets on behalf of the estate.

As part of his duties, the trustee disclosed in submissions to the bankruptcy court starting in August 2012 further information regarding debtor Edward L. Braxton's connection with Badcock and Levy Management Group. In particular, the trustee explained that prior to filing bankruptcy, debtor Edward L. Braxton was the sole shareholder and president of Levy Management Group, Inc. ("Levy"), a North Carolina corporation that entered into agreements with Badcock to operate several furniture stores in eastern North Carolina owned by Badcock. Upon becoming sick in 2009, Edward L. Braxton decided to cease operation of the stores. According to the trustee, debtors' estate may have assets in the form of an unliquidated claim in excess of $400,000.00 against Badcock for money owed under Levy's operation agreements.

In a status report filed January 2013, the trustee disclosed that he had been investigating the potential contract claim against Badcock since January 2012, that he had sought Florida co-counsel for litigation in July 2012, and that he had reached a tentative agreement in December 2012 to reopen prior mediation of the claim. In July and October 2013, the trustee reported that he was working to settle the claim.

In the meantime, upon commencement of the bankruptcy proceedings in 2009, and upon conversion to Chapter 7 proceedings in 2011, Badcock also appeared as a creditor for a small consumer claim against debtors. In particular, Badcock filed a request as a creditor in the Chapter

13 proceeding on November 20, 2009, seeking to have notices of filings in the case, and to have its name and address added to the clerk's list of creditors. Badcock was listed as a creditor in the Chapter 13 petition with a claim in the amount of $698.00 for a consumer credit card balance. After the case was converted to Chapter 7, on June 20, 2011, Badcock again filed a request for notices, and it again sought to have its name and address added to the clerk's list of creditors. A final report and accounting, filed by the trustee on August 22, 2011, provides that the trustee disbursed the entirety of the allowed claim remaining due to Badcock, as a creditor, in the amount of $635.06.

As pertinent to the present emergency motion for stay, the trustee first filed on December 5, 2013, a motion for a bankruptcy court order requiring Badcock to appear and be examined and to produce documents specified in the motion, pursuant to Federal Rule of Bankruptcy Procedure 2004.[1] In particular, the motion sought to require Badcock to produce documents to the trustee in Wilson, North Carolina, on or before December 20, 2014, including documents related to contracts and correspondence between Badcock and Levy or debtor Edward L. Braxton. The motion also sought to require Badcock to designate an agent to appear for examination in Tampa, Florida, to testify regarding such "above-described matters" on January 13, 2014. The trustee served the motion on Badcock and its counsel. The trustee also served a subpoena on Badcock, in Tampa, Florida, requesting the same documents and examination.

The bankruptcy court entered an order on December 31, 2014, granting the motion for Rule 2004 examination of Badcock. Badcock did not file any objection or response to the order, and Badcock did not otherwise produce documents or an agent for examination as directed by the order.

---

[1] Rule 2004 provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity," and that the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. P. 2004(a)-(b).

3

On January 17, 2014, the trustee filed an application to employ special counsel to assist the trustee in the mediation, arbitration, and litigation of claims of Levy against Badcock in Polk County, Florida. The trustee further detailed the basis for the asserted claims against Badcock, stating that three of four contracts in dispute require arbitration in Polk County, Florida, and one requires venue of litigation in state court in Polk County, Florida.

On January 25, 2014, the trustee moved for a modified order for Rule 2004 examination, noting that the previous order was entered after the specified date for production of documents. The trustee also noted that counsel for Badcock communicated with the trustee and contended the order to produce records in North Carolina was not enforceable. The trustee accordingly sought a modification of the order to require production of the documents sought in the state of Florida, and to require examination of an agent of Badcock on March 24, 2014 in Tampa, Florida.

Also on January 25, 2014, the trustee filed a motion for order confirming the authority of the trustee to fully and completely prosecute claims of Levy against Badcock, and authorizing the trustee to continue efforts to enforce such claims by negotiation, litigation, mediation, arbitration, or otherwise, in the trustee's discretion. The trustee noted in the motion that "expensive litigation and arbitration is about to be initiated in Florida" and that counsel for Badcock had taken the position that the trustee has no authority to prosecute such claims of Levy. The trustee attached to the motion a dealership agreement between Levy and Badcock, executed February 10, 2007, by Edward Levy Braxton, as president of Levy, and Donald C. Marks, as president of Badcock.

According to documentation subsequently submitted by the trustee, the trustee in fact commenced an action on behalf of Levy against Badcock in state court in Polk County, Florida, on January 29, 2014, asserting breach of contract claims.

The bankruptcy court granted the trustee's motion to employ on February 5, 2014, and granted the motion for Rule 2004 examination and for order confirming authority on February 14,

2014. In an interim report filed in the bankruptcy court April 30, 2014, the trustee noted that "hearings [were] scheduled against Badcock Corporation in Florida," including a hearing scheduled for July 30, 2014. According to documentation subsequently submitted by the trustee, however, further proceedings regarding the enforcement of the Rule 2004 examination order took place in the bankruptcy court in the Middle District of Florida. In particular, upon motion of Badcock, on May 5, 2014, the Florida bankruptcy court quashed a subpoena for the Rule 2004 examination issued by the North Carolina bankruptcy court, and instead directed that a subpoena issue from the Florida bankruptcy court for an examination to take place in Tampa, Florida. Badcock did produce a witness for examination on May 12, 2014, the date specified for examination, but that witness had knowledge only of the Badcock consumer credit claim against Braxton and provided no testimony on the subject matter specified in the Rule 2004 examination.

On May 19, 2014, the trustee filed in the North Carolina bankruptcy court a consent order as between the estate of debtors and a creditor, Self Help Credit Union, stating that the trustee shall prosecute any and all claims against Badcock and that any recovery received, after payment of costs and expenses, will be distributed in equal part between Levy and Self Help Credit Union.

On June 13, 2014, the trustee moved for an order for Badcock to appear and show cause why it should not be held in contempt of court for failing to comply with the December 31, 2014 and February 14, 2014, orders of the bankruptcy court. The trustee detailed failed efforts to conduct the 2004 examination in Florida, including further proceedings on a motion for protective order filed by Badcock in the Florida bankruptcy court.

That same date, the trustee filed its third motion for 2004 examination of Badcock, this time seeking examination and production of documents, in the same subject matter as noticed previously, on July 10, 2014, at Wilson, North Carolina. On June 18, 2014, the court granted the motion for show cause hearing, first setting the hearing for July 15, 2014, later continued to July 29, 2014.

Badcock filed a notice of appearance on June 26, 2014, which was styled as a "notice of special appearance on behalf of non-party W.S. Badcock Corporation." Badcock also filed a combined response to the motion for order to show cause and motion for Rule 2004 examination. In its opposition, Badcock asserted that the trustee has improperly sought to use a Rule 2004 examination to obtain information, documents, and testimony related to Badcock's relationship with Levy, while a separate proceeding is pending in state court in Polk County, Florida. Badcock noted that it had twice obtained orders in the bankruptcy court for the Middle District of Florida quashing the trustee's subpoena for Rule 2004 examination.

On July 3, 2014, the trustee filed five additional motions for Rule 2004 Examination of individuals, seeking to have them appear for examinations and produce documents relating to the contractual relationship between Badcock and Levy, on August 11, 2014, in Wilson, North Carolina. In particular, the trustee seeks examination of Barry Altman, Dean Fisher, Cara Hetchler, Rebecca Simpkins, and debtor Wanda F. Braxton. Badcock opposed the motion on the same basis that it opposed the motion for Rule 2004 examination of Badcock, explaining that the examinations sought, other than that of Wanda F. Braxton, are of four former employees of Badcock.

In the meantime, the Florida bankruptcy court first entered a protective order on June 26, 2014, barring the trustee from proceeding with a Rule 2004 examination of Badcock, citing pending proceedings in Florida state court as a bar to the examination in bankruptcy court. The Florida bankruptcy court later, however, reconsidered its ruling on July 21, 2014, holding that it lacked jurisdiction to issue its protective order and that substantive challenges to the Rule 2004 examinations should be addressed by the North Carolina bankruptcy court.

On July 23, 2014, the trustee filed a supplement to its motion to show cause, attaching additional exhibits regarding the proceedings in state court and bankruptcy court in Florida, and seeking additional relief, including orders prohibiting Badcock from making certain motions or positions in the Florida state court action. Badcock filed a response in opposition, as well as a motion for protective order.

These motions came before the bankruptcy court for hearing on July 29, 2014, whereupon the court heard argument of counsel. Following the hearing, the bankruptcy court entered the following eight orders, which Badcock seeks to appeal:

1. July 29, 2014, order directing Badcock to withdraw a motion to dismiss filed in state court in Polk, County, Florida. (Bankruptcy Court Docket No. 131; District Court Docket No. 1-26; Badcock Appeal Index No. 25).

2. August 8, 2014, order granting motion for 2004 examination of Badcock. (Bankruptcy Court Docket No. 140; District Court Docket No. 1-27; Badcock Appeal Index No. 26).

3. August 8, 2014, order granting motion for 2004 examination of Barry Altman. (Bankruptcy Court Docket No. 141; District Court Docket No. 1-28; Badcock Appeal Index No. 27).

4. August 8, 2014, order granting motion for 2004 examination of Dean Fisher. (Bankruptcy Court Docket No. 142; District Court Docket No. 1-29; Badcock Appeal Index No. 28).

5. August 8, 2014, order granting motion for 2004 examination of debtor Wanda F. Braxton. (Bankruptcy Court Docket No. 143; District Court Docket No. 1-30; Badcock Appeal Index No. 29).

6. August 8, 2014, order granting motion for 2004 examination of Cara Hetchler. (Bankruptcy Court Docket No. 144; District Court Docket No. 1-31; Badcock Appeal Index No. 30).

7. August 8, 2014, order granting motion for 2004 examination of Rebecca Simpkins. (Bankruptcy Court Docket No. 145; District Court Docket No. 1-32; Badcock Appeal Index No. 31).

> 8. August 21, 2014, amended memorandum opinion and order making findings of fact and imposing sanctions on Badcock. (Bankruptcy Court Docket No. 179; District Court Docket No. 5-3; Badcock Appeal Index No. 39).

The pending emergency motion to stay pending appeal concerns only the six Rule 2004 Examination orders (enumerated 2. through 7. in the list above). Badcock also notes in its motion to stay that it has already produced documents as ordered by the bankruptcy court's Rule 2004 examination order pertaining to Badcock, but it still seeks a stay of the examination ordered therein, as well as a stay of the Rule 2004 examination orders pertaining to the individual witnesses. As noted previously, by order entered August 26, 2014, this court temporarily stayed enforcement of the Rule 2004 examination orders for a period of fourteen (14) days to allow for decision on the motion. The trustee has responded in opposition to the motion. The trustee also has filed a motion to dismiss the appeal, for which the response time has not yet run.

## DISCUSSION

A. Standard of Review

In determining whether to grant a stay pending appeal, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions, . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Resources Defense Council, Inc.,

8

555 U.S. 7, 22-24 (2008)).

B.  Analysis

    1. Likelihood of success on the merits

Badcock has not made a strong showing that it is likely to succeed on the merits of its appeal of the six Rule 2004 examination orders. As an initial matter, Badcock has not made a strong showing that it has standing to object to or appeal to any of the Rule 2004 examination orders, except the one that is directed to Badcock itself. Five of the Rule 2004 examination orders are directed to individuals, and the relationship of these individuals to Badcock is not clear on the present record. The trustee asserts that these individuals are believed to be the "*current* managers" of four Badcock furniture stores in eastern North Carolina, plus "the owner of those stores." (DE 1-23 at 15) (emphasis added). Badcock asserted in bankruptcy court that these individuals, other than the debtor Wanda F. Braxton, are "*former* employees" of Badcock. (DE 1-22 at 2) (emphasis added). Badcock makes no assertion on appeal as to its basis for standing to object or appeal Rule 2004 examination orders directed to these individuals.

The court need not resolve the issue of standing at this time, however, where Badcock has not made a strong showing of likelihood of success as to the underlying merits of its arguments on appeal challenging the Rule 2004 examination orders.[2] Badcock forecasts two arguments in support of its challenge to the Rule 2004 examination orders. First, Badcock asserts that the Rule 2004 examinations contravene a "pending proceeding rule" recognized by bankruptcy courts. Second, Badcock asserts that the Rule 2004 examination of Badcock, in particular, contravene rules

---

[2] The court also need not resolve at this time the arguments raised in the trustee's motion to dismiss the appeal for lack of jurisdiction, which arguments relate to not only the appeals of the Rule 2004 Examination orders but also the appeals of the remaining two orders of the bankruptcy court. At this stage, the court finds resolution of the jurisdictional issue to be a closer question than the resolution of the merits of the appeals of the Rule 2004 Examination orders.

9

governing the location of depositions of a defendant or non-party corporation. The court will address each argument in turn.

    a. Pending Proceeding Rule

Rule 2004 provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity," and that the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. P. 2004(a)-(b). The purpose of a Rule 2004 examination is to "show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." Cameron v. United States, 231 U.S. 710, 717 (1914).

Rule 2004 "commits to the sound discretion of the bankruptcy court the decision whether to require examination of a party." McLaughlin v. McPhail, 707 F.2d 800, 804 (4th Cir. 1983). This decision may only be reversed on appeal for "abuse of discretion." In re ASI Reactivation, Inc., 934 F.2d 1315, 1324 (4th Cir. 1991); see Snyder v. Soc'y Bank, 181 B.R. 40, 42 (S.D. Tex. 1994) (holding that bankruptcy court's decision to deny request for Rule 2004 examination was not an abuse of discretion) aff'd sub nom. In re Snyder, 52 F.3d 1067 (5th Cir. 1995) (unpublished table decision).

Although the Fourth Circuit has not itself articulated standards for circumscribing Rule 2004 examinations when other litigation is pending, bankruptcy courts have recognized a "pending proceeding rule" that states that "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 et seq., rather than by a Rule 2004 Examination." In re Washington Mut., Inc., 408 B.R. 45, 50 (Bankr. D.

10

Del. 2009) (quotations omitted). Bankruptcy courts have also recognized, although less uniformly, that "Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." Id. (quotations omitted); but see In re Mantolesky, 14 B.R. 973, 979 (Bankr. D. Mass. 1981) ("[T]he law is clear that pending litigation by others against the person sought to be examined, and the possible use of 205 [now 2004] testimony in that collateral litigation, is not sufficient reason for denying the examination.").

The pending proceeding rule, as stated generally by bankruptcy courts, is inapposite in this case for two reasons. First, as to examination of Badcock, the rule does not apply because the trustee first requested, and Badcock first was ordered to appear for, a Rule 2004 examination on January 13, 2014, before any litigation was pending. Thus, no adversary proceeding, contested proceeding, nor any other litigation, was pending at that time to trigger application of the rule. The fact that the trustee re-requested, and the bankruptcy court subsequently re-ordered on February 14 and August 8, 2014, similar Rule 2004 examinations after litigation had commenced in Florida, reasonably should not transform a legitimate Rule 2004 examination request into one that is barred by the pending proceeding rule.[3]

Second, as to the examination of the five individuals, the pending proceeding is inapplicable because they are not parties to the state court litigation in Florida. There is thus no basis for

---

[3] Badcock argues that the initial Rule 2004 examination order was defective because it required production of documents by Badcock on December 20, 2013, a date preceding entry of the order on December 31, 2013. This is beside the point. This defect in the order does not alter the fact that the trustee first sought the Rule 2004 examination of Badcock at a time when no adversary proceeding or litigation was pending. See, e.g., In re Ramadan, 11-02734-8-SWH, 2012 WL 1230272 *3 (Bankr. E.D.N.C. Apr. 12, 2012) ("The difficult and relevant question is whether [the requesting party's] *primary* purpose in the Rule 2004 examination/production is to further the administration of the bankruptcy case or to aid its pending state court litigation."). Moreover, there was no defect in that portion of the order directing a Rule 2004 examination of Badcock to take place on January 13, 2014, in Tampa, Florida, the same location that Badcock now contends is preferable over Wilson, North Carolina.

11

applying the rule, as it has been stated, to restrict examination where "the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court *against the proposed Rule 2004 examinee*." In re Washington Mut., Inc., 408 B.R. at 50 (emphasis added). Although Badcock suggests that the "pending proceeding rule" should be read more broadly to prohibit Rule 2004 examinations of individuals not party to ongoing litigation, Badcock has not made a strong showing that the circumstances of this case warrant such an expansion.

In sum, Badcock is not likely to succeed on its argument that the pending proceeding rule requires reversal of the bankruptcy court's Rule 2004 examination orders.[4]

        b. Location of Rule 2004 examination of Badcock

Badcock asserts that the August 8 Rule 2004 examination order should be reversed because it directs Badcock to designate an agent to appear for examination in Wilson, North Carolina, rather than in Florida, where Badcock's corporate offices are located and where previous Rule 2004 examinations were ordered to take place. This argument appears to relate more to the propriety of any subpoena issuing as a result of the Rule 2004 examination order, rather than the propriety of the Rule 2004 examination order itself.

Rule 2004 does not itself restrict examinations to the location of a corporate office of a witness. Rather, it provides for payment of expenses in the event a witness must travel to attend an examination. See Fed. R. Bankr. P. 2004(e) (stating that "[a]n entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered," and that "the mileage allowed by law to a witness shall be tendered for any

---

[4] In light of this determination, the court need not address the bankruptcy court's alternative conclusion that an exception to the pending proceeding rule should apply in this case because Levy has no reasonable expectation that attempts at discovery in the state court action will be honored by Badcock.

12

Case 5:14-mc-00031-FL   Document 14   Filed 09/05/14   Page 12 of 19

distance more than 100 miles from the debtor's residence at the date of the filing . . . ."). In addition, with respect to compelling attendance at an examination, Rule 2004 refers to requirements of other rules. In particular, it states that "[t]he attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, *may be compelled* as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Id. 2004(c) (emphasis added). In turn, Rule 9016 provides that Federal Rule of Civil Procedure 45 applies in bankruptcy cases. The advisory committee notes to Rule 9016 further state that Federal Rule of Civil Procedure 45 "limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place or trial or hearing."

In this case, the bankruptcy court's August 8, 2014 order for Rule 2004 examination of Badcock orders Badcock to designate a corporate agent with knowledge of information specified in the order, which, by way of summary, generally comprises information related to debtor Edward L. Braxton's contractual relationship with Badcock. It then orders such agent to appear for examination regarding such matters at the office of the trustee, in Wilson, North Carolina, "or another location mutually agreed upon by the parties" on August 28, 2014, at 9:00 a.m. (DE 1-27 at 7). It also directs the trustee to tender to Badcock travel expenses for estimate travel of 200 miles roundtrip from and to Mebane, North Carolina, which according to the bankruptcy court is a location where Badcock maintains a distribution center in North Carolina.

In this manner, the bankruptcy court's Rule 2004 examination order does not itself compel attendance at a particular location, given that it allows for attendance at "another location mutually agreed upon by the parties," and it also provides for payment of travel expenses. As such, the

13

bankruptcy court's Rule 2004 examination order of Badcock generally is consistent with the requirements of Rule 2004. Accordingly, the court finds that there is no basis to reverse the bankruptcy court's order due to the Wilson, North Carolina, location for examination specified in the order.

Nevertheless, where the court herein will be lifting its temporary stay of enforcement of the Rule 2004 examination orders, and where the date specified for examination in the Rule 2004 examination orders now has passed, the court notes several practical considerations guiding enforcement of the Rule 2004 examination orders going forward.

With respect to designation of the location for examination of Badcock's corporate agent, the bankruptcy court's order and Badcock's emergency motion consider factors developed in the case law for determining location of a deposition of a party-defendant. See In re Outsedewall Tire Litigation, 267 F.R.D. 466, 472 (E.D. Va. 2010); Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998). Badcock, however, is not a party-defendant in the bankruptcy case, although it filed a notice twice as a creditor to receive filings, and it entered a special appearance to oppose the latest motions for Rule 2004 examinations.

Whether and to what extent Badcock can be considered a party to the bankruptcy case may be critical to whether and to what extent the trustee may seek to compel attendance of Badcock at a Rule 2004 examination. On the one hand, if Badcock may be considered a party, compelling an agent of Badcock to attend a deposition need not involve the use of a subpoena. See Federal Rule of Civil Procedure 45, 2013 Advisory Committee Notes, Subdivision (c). Judicially created factors for considering the location of a deposition of a corporate party defendant are much more flexible than the requirements of Rule 45. On the other hand, if Badcock is not considered a party,

14

attendance must be compelled if at all through a subpoena issued in accordance with the strict requirements of Federal Rule of Civil Procedure 45.

Although the issue is not before the court for decision at this time, it appears on the present record that a subpoena issued compelling an agent of Badcock to attend an examination in North Carolina may contravene the requirements of Rule 45.  See, e.g., Fed. R. Civ. P. 45(c)(1) ("A subpoena may command *a person* to attend a . . . deposition only as follows: (A) within 100 miles of where *the person* resides, is employed, or regularly transacts business *in person*. . . .") (emphasis added). Badcock maintains that it does not have a corporate office in this state and that it does not have any employee within 100 miles of this district with knowledge of the matters referenced in the Rule 2004 examination order.

The court notes, however, that the trustee previously sought and obtained Rule 2004 examination orders directing Badcock to appear in Florida, and Badcock has not asserted any objection to location of a Rule 2004 examination in Florida, apart from its argument that such examination contravenes the pending proceeding rule. The court is mindful that considerable dispute remains on appeal regarding the propriety of Badcock's conduct with respect to these prior examinations. The court expresses no opinion here regarding such disputed issues. The fact remains, however, of the availability of such location in Florida for a Rule 2004 examination of Badcock.

Accordingly, based upon the foregoing, upon lifting the temporary stay in this matter, where the time for compliance with the Rule 2004 examination orders has passed, the court DIRECTS Badcock and the trustee to confer to establish a modified location and time for the Rule 2004 examination of Badcock, with such time for compliance set no later than twenty-one (21) days from

15

the date of this order, taking into consideration discussion herein regarding the location of the examination. All other terms and conditions of the bankruptcy court's August 8, 2014 order directing Rule 2004 examination of Badcock, shall remain in effect. Furthermore, with respect to the remaining Rule 2004 examinations, the time for which now has passed, the court will also direct the trustee to confer with the five individual witnesses regarding a modified time for the Rule 2004 examination of the five individual witnesses, at the office of the trustee in Wilson, North Carolina, or such other location as determined between such witnesses and the trustee, again while keeping in effect all other terms and conditions of the bankruptcy court's remaining August 8, 2014, Rule 2004 examination orders.

In addition, the court notes that Badcock represents in its emergency motion that it has already complied with the document production requirements set forth in the court's August 8, 2014, order directing Rule 2004 examination of Badcock. The trustee does not dispute this assertion in response to the motion. However, neither Badcock nor the trustee reports on the status of document production from the five individuals subject to the remaining Rule 2004 orders. Accordingly, to the extent such document production has not already taken place, the court directs the trustee and the individual respondents to confer regarding a modified time for production of documents.

In sum, Badcock has not shown a likelihood of success on appeal of the bankruptcy court Rule 2004 examination orders.

2. Irreparable harm

Badcock asserts that it will be irreparably harmed by being forced to give testimony in a Rule 2004 examination that may otherwise be subject to protection in the Florida state court action. Badcock notes that, although it has already complied with the order to produce documents, an

16

examination will allow the trustee will gain "unfair advantage" against it in the state court litigation. Badcock also suggests the same unfair advantage will result from examinations of the individual witnesses. Badcock contends "it is foreseeable that the Trustee will attempt to use the examinations against Badcock in the State Court Action or arbitration, and Badcock will be left with no preserved objections."

Badcock has not demonstrated that it will be irreparably injured absent a stay. As an initial matter, the asserted detrimental consequences of the Rule 2004 examinations are speculative. For instance, Badcock only provides vague suggestion that the evidence gained through the Rule 2004 examinations will be detrimental to Badcock's position in litigation in Florida state court. Likewise, Badcock only speculates as to the procedural mechanism under which the trustee would be able to use evidence or testimony gained through a Rule 2004 examination in a state court action or arbitration. Furthermore, Badcock has not established that the asserted harm it would suffer – in the form of asserted procedural disadvantage or unfairness – could not be remedied through future legal proceedings or discovery with the opportunity for preserved objections, following a successful appeal.

3. Injury to other parties

Badcock asserts that the trustee and the creditors will not be injured by any delay in the Rule 2004 examinations, given that the trustee will still have the opportunity to seek discovery in the state court action and that the bankruptcy estate will not be fully administered until those claims are resolved. The bankruptcy court and the trustee, by contrast, note the substantial delay that has already resulted due to Badcock's non-compliance with the bankruptcy court's examination orders. The court, however, is unable to conclude on the present record that issuance of a stay pending

17

appeal in this case would "substantially injure" the other parties interested in the proceedings. Nken, 556 U.S. at 434.

4. Public interest

Badcock asserts that the public interest favors enforcement of the pending proceeding rule and allowing examination of a corporation only in its principal place of business. These points, however, go to the merits of Badcock's arguments on appeal, which the court has addressed already above. Badcock also argues that the public interest favors enforcing the forum selection clauses in contractual agreements between Badcock and Levy. This may indeed be in the public interest, but the public interest also favors allowing a trustee acting on behalf of a debtor's estate to swiftly and efficiently "show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." Cameron, 231 U.S. at 717. Accordingly, the court finds public interest considerations weighing both in favor and against a stay.

5. Consideration of all stay factors

In summary, the court finds that Badcock has not made a strong showing of likelihood of success on appeal. In addition, Badcock has not established that it will be irreparably harmed absent a stay. At the same time, the court finds that a stay would not substantially injure other interested parties. Finally, the court finds public interest considerations weighing both in favor and against a stay. Upon consideration of all these factors bearing upon a stay pending appeal, mindful that "[t]he first two factors of the . . . standard are the most critical," Nken, 556 U.S. at 434, the court concludes that a stay of the Rule 2004 examination orders pending appeal of the same is not warranted.

# CONCLUSION

Based on the foregoing, Badcock's emergency motion for stay pending appeal is DENIED. The court hereby LIFTS the temporary stay imposed by this court on August 26, 2014. For the reasons stated herein, where the time for compliance with the Rule 2004 examination orders has passed, the court DIRECTS Badcock and the trustee to confer regarding a proposed modified location and time for the Rule 2004 examination of Badcock, with such time for compliance set no later than **twenty-one (21) days** from the date of this order, taking into consideration discussion herein regarding the location of the examination. All other terms and conditions of the bankruptcy court's August 8, 2014 order directing Rule 2004 examination of Badcock, shall remain in effect. Furthermore, with respect to the remaining Rule 2004 examinations, the time for which now has passed, the court DIRECTS the trustee to confer with the five individual witnesses regarding a proposed modified time for the Rule 2004 examination and document production by the five individual witnesses, at the office of the trustee in Wilson, North Carolina, or such other location as determined between such witnesses and the trustee, again while keeping in effect all other terms and conditions of the bankruptcy court's remaining August 8, 2014, Rule 2004 examination orders.

SO ORDERED, this the 5th day of September, 2014.

LOUISE W. FLANAGAN
United States District Judge